Jim DESROSIERS, Individually and as Chairman of Chattanoogans for Safe Energy, Plaintiff,

v.

UNITED STATES NUCLEAR REGULATORY COMMISSION and Thomas Ahearne, Chairman, Defendants,

and

Tennessee Valley Authority, Intervenor.

No. CIV–1–80–36.

United States District Court, E. D. Tennessee, S. D.

April 2, 1980.

Rodney C. Strong, Farr & Associates, Chattanooga, Tenn., for plaintiff.

John C. Cook, Asst. U. S. Atty., John H. Cary, U. S. Atty., Chattanooga, Tenn., for defendants.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen., Counsel, Michael R. McElroy, Alvin H. Gutterman, Tennessee Valley Authority, Knoxville, Tenn., for intervenor.

## MEMORANDUM

FRANK W. WILSON, District Judge.

This is an action in which the plaintiff seeks to compel the United States Nuclear Regulatory Commission (NRC) to grant him a public hearing with regard to his objections to the issuance of a license unto the Tennessee Valley Authority (TVA) for the operation of that agency's Sequoyah Nuclear Plant and in which the plaintiff seeks to restrain the issuance of such a license pending the conduct of such a hearing. The plaintiff's initial complaint alleged jurisdiction pursuant to Section 1346(b) of Title 28 U.S.C. This Court, having reservations with regard to its jurisdiction in view of the provision within Section 2342 of Title 28 U.S.C. granting exclusive jurisdiction unto the United States Court of Appeals over all final orders of the NRC, delayed for fifteen days the setting of a hearing upon the plaintiff's motion for a preliminary injunction and instructed the parties to show cause why the action should not be dismissed for lack of subject matter jurisdiction. The case is presently before the Court upon the plaintiff's amended complaint, the motion of the TVA to be allowed to intervene as a party defendant, the answer of the TVA to the plaintiff's complaint, and the briefs of each party upon the jurisdictional issue.

The plaintiff's complaint alleges that in December of 1979 and again in January of 1980 he forwarded letters to the NRC in which he stated objections to the granting of a license unto the TVA for the operation

of its Sequoyah Nuclear Plant and in which he requested that he be granted a public hearing prior to any licensing action being taken by the NRC. Copies of the plaintiff's letters were made exhibits to his complaint. The complaint further avers that upon January 31, 1980, the plaintiff was verbally notified by an official of the NRC that his request for public hearing would be denied. Thereupon, under date of February 12, 1980, the plaintiff filed his complaint in this court averring jurisdiction under Section 1346(b) of Title 28 U.S.C., and seeking to compel a hearing and to enjoin licensing action by the NRC pending such a hearing. Upon February 22, 1980, the plaintiff filed an amendment to his complaint asserting as additional bases for invoking this Court's jurisdiction Sections 1331 and 1361 of Title 28 U.S.C. and Section 702 of Title 5 U.S.C.

Turning first to the motion of the TVA to be permitted to intervene as a party defendant in the lawsuit, the motion will be allowed. It is apparent from the allegations of the complaint as well as the averments in the motion to intervene that the TVA, as the owner of the Sequoyah Nuclear Plant and as the party seeking a license from the NRC for the operation of that plant, would be entitled to intervene as a party defendant in this lawsuit as a matter of right pursuant to Rule 24(a)(2) of the *Federal Rules of Civil Procedure.*

The Court now turns to the jurisdictional issue. It is appropriate to note at this point that the Energy Reorganization Act of 1974, 42 U.S.C. §§ 5801 *et seq.*, transferred all of the Atomic Energy Commission licensing and related regulatory functions to the Nuclear Regulatory Commission. *See* 42 U.S.C. § 5801(d); 10 C.F.R. § 1.1(a). Accordingly, the plaintiff has brought suit against the NRC under the Atomic Energy Act of 1954, 42 U.S.C. §§ 2011 *et seq.* alleging that the NRC has violated Section 2239(a) of the Act by refusing the plaintiff's request for a hearing on the licensing of the Sequoyah Nuclear Facility. Section 2239(a) provides in relevant part:

"(a) In any proceeding . . . for the granting, . . . of any license or construction permit . . . the Commission shall grant a hearing upon the request of any person whose interests may be affected . . . and shall admit any such person as a party to such proceeding. . . . In cases where such a construction permit has been issued following the holding of such a hearing, the Commission may, in the absence of a request therefor by any person whose interests may be affected, issue an operating license . . . without a hearing, but upon thirty days notice and publication once in the Federal Register of its intent to do so.

"(b) Any final order entered in any proceeding of the kind specified in subsection (a) of this section shall be subject to judicial review in the manner prescribed in [28 U.S.C. § 2341— § 2353 (dealing with review of orders of federal agencies) and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*]"

Section 2342 of Title 28 U.S.C., dealing with judicial review of orders entered by federal agencies, provides in relevant part:

"The Court of Appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part) or, to determine the validity of:

\*    \*    \*    \*    \*    \*

"(4) all final orders of the Atomic Energy Commission made reviewable by Section 2239 of Title 42."

The NRC, pursuant to its authority under 42 U.S.C. § 2201(p), has established Rules of Practice governing requests for hearings made by interested parties under 42 U.S.C. § 2239(a). Rules of Practice, *codified* at 10 C.F.R. Part II (2.1–2.913).[1] As stated previously, Section 2239(a) requires that the NRC give notice, by publication in the Federal Register, of its intent to act upon an operating license. In accordance with this requirement, Section 2.105 of 10 C.F.R. provides in relevant part:

---

1. The validity of these rules has been upheld. *See Easton Utilities Commission Atomic Energy Commission*, 424 F.2d 847, 851 (D.C.Cir. 1970).

"(a) If a hearing is not required by the Act or this chapter, and if the Commission has not found that a hearing is in the public interest, it will, prior to acting thereon, cause to be published in the *Federal Register* a notice of proposed action.

\* \* \* \* \* \*

"(d) The notice of proposed action will provide that, within thirty (30) days from the date of publication of the notice. . .

\* \* \* \* \* \*

"(2) Any person whose interest may be affected by the proceeding may file a petition for leave to intervene."

Intervention of an interested party is governed by 10 C.F.R. § 2.714, which provides in relevant part:

"(a)(1) Any person whose interest may be affected by a proceeding and who desires to participate as a party shall file a written petition for leave to intervene. In a proceeding noticed pursuant to § 2.105, any person whose interest may be affected may also request a hearing. The petition and/or request shall be filed not later than the time specified in the notice of hearing . . .. Non-timely filings will not be entertained absent a determination by the Commission . . . that the petition and/or request should be granted based upon a balancing of [certain] factors."

The factors referred to above are stated in 10 C.F.R. § 2.714(a)(1)(i)–(v) and (d) and include "good cause, if any, for failure to file on time." 10 C.F.R. § 2.714(a)(1)(i).

■ From the record, it appears that the NRC gave notice of its intent to act upon the operating license for the Sequoyah facility in March of 1974. 39 *Fed.Reg.* 11131. The plaintiff did not request a hearing upon the licensing until December 18, 1979 and again on January 17, 1980. The plaintiff's complaint avers that the requests were denied by telephone. As reflected by an exhibit to the brief of the NRC, the NRC by letter to the plaintiff dated February 11, 1980, confirmed its denial of his request for a hearing, stating that his request was un-timely under the Commission's Rules of Practice and failed to make a "substantial showing of good cause for failure to file on time" pursuant to 10 C.F.R. & 2.714(a)(1)(i)–(v) and (b). There is no allegation in the complaint that the plaintiff ever sought a determination as to whether the request could be entertained under the exceptions to the rule prohibiting consideration of untimely requests. Accordingly, the plaintiff's complaint does not allege that he has exhausted his administrative remedies. Such an allegation is necessary before he is entitled to a judicial review of any agency action. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). *See also, Honicker v. Hendrie*, 465 F.Supp. 414 (M.D.Tenn.), *affirmed* 605 F.2d 556 (6th Cir. 1979), *cert. denied* —— U.S. ——, 100 S.Ct. 1015, 62 L.Ed.2d 753 (1980), wherein the Court in a similar action stated that, "No one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." The exhaustion doctrine would in any event preclude this Court from asserting jurisdiction over the plaintiff's claim until he has completed the administrative process. *Concerned Citizens of Rhode Island v. Nuclear Regulatory Commission*, 430 F.Supp. 627, 632 (D.R.I.1977). Further, assuming arguendo that the denial of the plaintiff's request was a final decision of the NRC such that the plaintiff could be said to have exhausted his administrative remedies, the Court is of the opinion that jurisdiction to review such a decision lies exclusively with the Court of Appeals. 42 U.S.C. § 2239(b); 28 U.S.C. § 2342(4); *see City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C.Cir.1979).

■ Finally, the fact that a limited operating license has now been granted the Sequoyah facility by the NRC does not operate to confer jurisdiction upon this Court. It is arguable that the plaintiff, not having been a party to the decision to grant that license, may now lack standing to seek review of the decision in the Court of Appeals. However, the plaintiff has an administrative remedy available pursuant to

10 C.F.R. § 2.206 which allows any person to request a show cause proceeding under 10 C.F.R. § 2.202(a)(1) to modify, suspend or revoke a license. Any decision by the Commission upon such a request is reviewable exclusively by the Court of Appeals. *Honicker v. Hendrie*, 465 F.Supp. 414 (M.D. Tenn.), *affirmed* 605 F.2d 556 (6th Cir. 1979), *cert. denied* —— U.S. ——, 100 S.Ct. 1015, 62 L.Ed.2d 753 (1980).

Based upon the foregoing discussion, the Court is of the opinion that it lacks jurisdiction over the plaintiff's claims. Accordingly, the plaintiff's complaint will be dismissed.